| Gordon N. Harley et al. vs. Leo Hannaway et als. | Eq. No. 10695. |

March 3. 1931.

HAHN, J. Heard on complainants' prayer for an injunction temporarily restraining the respondents Hannaway, Egan, and Lawton from soliciting any laundry business from former customers of the complainants and from collecting any articles from the customers of the complainants which are intended by said customers to be laundered by the complainants, and that the respondent Henry be temporarily enjoined from receiving any articles from the other respondents which articles had been received by them from the customers of the complainants with the understanding that they were to be laundered at the complainants' laundry.

The circumstances as related upon the witness stand show the defendants Hannaway, Eagan and Lawton to have been employees of the complainants in soliciting and bringing laundry work to complainants' laundry and delivering the same to the customers. Upon leaving the employ of the complainants they proceeded to solicit laundry work from the various customers of the complainants, and from some customers whose work they obtained while in the employ of the complainants, and took such work to the laundry of the respondent Henry to have the same laundered by him.

Some testimony was produced during the trial showing that the respondent Henry had incorporated his business under the name of The Home Family Laundry, of which he is president and manager. Complainants may,

if they desire, on motion add said corporation as a party respondent.

The facts shown bring the case within the rule laid down in *Colonial Laundries, Inc.* vs. *Henry*, 48 R. I. 332, and the complainants are entitled to a preliminary injunction in which the respondents may be enjoined from soliciting business from any of the complainants' customers made known to the respondents by reason of express communication from the complainants for the purposes of their business exclusively, and respondent Henry and The Home Family Laundry (if added as a party respondent) may be enjoined temporarily from receiving any articles from the other respondents which have been received by them from customers of the complainants with the understanding that they were to be laundered at the complainants' laundry.

For complainant: Curran, Hart, Gainer & Carr.

For respondents: William A. Toole.